IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL JENKINS**                                                                     **PETITIONER**
**ADC #169393**

V.                           **NO. 4:24-cv-00116-BSM-ERE**

**DEXTER PAYNE,**
**Director Arkansas Division of Correction**            **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Objections, if filed, should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not file objections, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this Recommendation without independently reviewing the record.

### I. INTRODUCTION

Michael Jenkins, an inmate at the Cummins Unit of the Arkansas Division of Correction ("ADC"), has filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 2*. For reasons that follow, I recommend that the petition be denied, and the case dismissed with prejudice as time-barred.

## II.     BACKGROUND

On January 23, 2018, a Phillips County, Arkansas jury found Mr. Jenkins guilty of sexual assault in the first degree, and he received a 180-month prison sentence. *Jenkins v. State*, 582 S.W.3d 32, 33, 2019 Ark. App. 419, 1 (2019). On September 25, 2019, the Arkansas Court of Appeals affirmed the conviction on direct appeal. *Id*. Mr. Jenkins did not appeal that decision, and he did not pursue postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.

By letter dated June 25, 2019, Mr. Jenkins's attorney informed him that the ADC Records Supervisor had determined he was not eligible for parole and would be required to serve his entire prison sentence. *Doc. 1 at 26-27*. A memo to Mr. Jenkins dated October 3, 2019 from the ADC Records Supervisor confirmed his attorney's report. The memo reads:

> Re:   Your Request
>
> Your record[s] indicate that you received a 6[-]year[] sentence from Illinois DOC for Armed Robbery/Discharge of a Firearm and Home Invasion in 1981, therefor due to his prior conviction[,] you are required to serve your entire 15 year[] sentence under ACT 1805.

*Id at 27*.

Pursuant to paragraph (b) of Act 1805 of 2001, codified at Ark. Code Ann. § 16-93-609(b)(1), any person convicted of a felony sex offense after August 13, 2001, who has previously been found guilty of "a violent felony offense," shall not be

2

eligible for release on parole. The statute defines "a violent felony" as offenses listed in § 5-4-501(d)(2), which include aggravated robbery under § 5-12-103 and any "conviction of a comparable felony involving violence from another jurisdiction." Ark. Code Ann. § 5-4-501(d)(2)(B).

On August 6, 2020, Mr. Jenkins filed a petition for writ of mandamus or prohibition in the Phillips County Circuit Court, alleging that the ADC had determined, incorrectly, that he was ineligible for parole and required to serve 100 percent of his sentence pursuant to Ark. Code Ann. § 16-93-609(b)(1). *Jenkins v. Kelley*, 2021 Ark. 120, 2, 2021 WL 2154773, at *1 (2021). He argued that applying the statute to him amounted to an *ex post facto* violation because it punished him for crimes he committed in 1981 before the enactment of § 16-93-609(b)(2) on August 13, 2001.[1]

The trial court summarily denied the petition, and on May 27, 2021, the Supreme Court of Arkansas affirmed on a procedural ground: Mr. Jenkins was

---

[1] The *Ex post facto* Clause of Article 1, § 10 of the Federal Constitution forbids Congress and the States to enact penal statutes that: (1) punish as a crime an act previously committed, which was innocent when done; (2) make more burdensome the punishment for a crime, after its commission; or (3) deprive one charged with crime of any defense available according to law at the time when the act was committed. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (quoting in *Beazell v. Ohio,* 269 U.S. 167, 46 (1925)). Contrary to Mr. Jenkins's argument, he is serving a sentence for the crime of first-degree sexual assault, which he committed in 2016, after the enactment of Ark. Code Ann. § 16-93-609(b)(2). !

required to file his petition in the Jefferson County Circuit Court, where the ADC Director and Keeper of Records were located. *Id*.

Almost a year later, on April 12, 2022, Mr. Jenkins filed an ADC grievance, again asserting the application of § 16-93-609(b)(2) in his case amounted to an *ex post facto* violation. *Doc. 1 at 29*. On May 9, 2022, the ADC issued a final decision denying relief, stating in part: "This matter has been addressed to completion, through the grievance process on several occasions." *Id. at 31*.

On September 28, 2022, Mr. Jenkins filed a second petition for writ of mandamus or prohibition in the Circuit Court of Jefferson County, Arkansas, again arguing that application of § 16-93-609(b)(1) in his case amounted to *ex post facto* punishment. *Doc. 7-2 at 14-21*. The trial court denied the petition and the Supreme Court of Arkansas affirmed, finding no *ex post facto* violation, and stating: "Jenkins's prior offenses of armed robbery and home invasion committed in Illinois prior to enaction of the Act constituted a basis for application of section 16-93-609(b)(2) to Jenkins who committed the offense of first-degree sexual assault in 2016." *Jenkins v. Payne*, 678 S.W.3d 770, 773, 2023 Ark. 184, 3 (2023).

On February 5, 2024, Mr. Jenkins filed the § 2254 habeas petition before the Court (*Doc. 1*),[2] reasserting the same *ex post facto* argument rejected by the Supreme Court of Arkansas. *Doc. 1 at 3*.

On March 6, 2024, Respondent filed a response (*Doc. 7*), asserting that Mr. Jenkins's claim is time-barred, not cognizable in federal habeas, and without merit.

On March 25, 2024, Mr. Jenkins filed a reply, responding to Respondent's arguments in support of dismissal. *Doc. 13*.

For reasons that follow, Mr. Jenkins's petition is barred by the applicable one-year statute of limitations, and the Court should therefore dismiss his petition with prejudice.[3]

## III.   DISCUSSION

### A.   Mr. Jenkins Filed His Federal Habeas Petition After the One-Year Statute of Limitations Expired.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for a state prisoner's federal habeas petition

---

[2] The Clerk of Court received Mr. Jenkins's petition, signed February 5, 2024, on February 8, 2024 and entered it on the docket the same day. Giving Mr. Jenkins the benefit of the "prison mailbox rule," the Court deems his petition filed on February 5, 2024, the earliest possible date after Mr. Jenkins signed the petition that he placed it in the prison mail system. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (stating that for purposes of § 2244(d)(1), a *pro se* prisoner's habeas petition is filed on the date it is delivered to prison authorities for mailing); see also Rule 3(d) Rules Governing § 2254 Cases in the United States District Courts.

[3] Because Mr. Jenkins's petition is time-barred, the Court need not address Respondent's additional arguments for dismissal.

challenging a state conviction. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of four dates set forth under § 2244(d)(1), and in most cases, that is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(1)(A)).

Here, however, Mr. Jenkins does not challenge the validity of his conviction or sentence; he challenges the way his sentence is being carried out—specifically, the ADC's post-conviction determination that § 16-93-609(b)(2) applies to him and requires that he serve 100% of his prison sentence. *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (holding that § 2254 is the only means by which a person in custody pursuant to the judgment of a state court may raise challenges to the validity of his conviction or sentence or to the *execution* of his sentence). When, as in this case, the factual predicate for a federal habeas claim is not immediately available when the judgment of conviction becomes final, the one-year limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D)).

Mr. Jenkins states that he learned about the "miscalculation" of his prison term on June 25, 2019, through his attorney's letter. *Doc. 13 at 2*. Accepting that Mr. Jenkins learned about the factual predicate of federal habeas claim on June 25, 2019,

the AEDPA's one-year statute of limitations began accruing that day, and he had until June 25, 2020 to file a federal habeas petition. Because Mr. Jenkins initiated this action on February 5, 2024, over three years after AEDPA's statute of limitations expired, absent statutory or equitable tolling, his § 2254 petition is time-barred.

### B. Mr. Jenkins Is Not Entitled to Statutory Tolling.

The AEDPA's limitation period is tolled "[t]he time during which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). Mr. Jenkins did not file a petition for postconviction relief under rule 37, and on August 6, 2020, he misfiled his first petition for writ of mandamus or prohibition in the Phillips County Circuit Court.

Venue for a mandamus proceeding is controlled by Arkansas' venue statute, which required Mr. Jenkins to file his petition in the Jefferson County Circuit Court, where events giving rise to his cause of action occurred and where the ADC director and keeper of records resided. Ark. Code Ann, § 16-60-101(a); *Houston v. State*, No. CR-02-1333, 2003 WL 1950248, at *1 (Ark. April 24, 2003). On May 27, 2021, the Supreme Court of Arkansas dismissed Mr. Jenkins's misfiled petition without prejudice. *Jenkins v. Kelley*, 2021 Ark. 120, 2 (2021). When a state court finds that a post-conviction petition fails to comply with filing requirements, that is "the end of the matter," and the petition is not properly filed as required under § § 2244(d)(2).

*Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) (quoting *Walker v. Norris*, 436 F.3d 1026 (8th Cir. 2006)). Thus, Mr. Jenkins's first and misfiled petition for writ of mandamus did not toll the AEDPA's statute of limitations.

Post-conviction petitions filed after the AEDPA's limitations period runs out cannot toll the already-expired limitation period. *Curtiss v. Mt. Pleasant Correctional Facility*, 338 F.3d 851, 854 (8th Cir. 2003). Accordingly, neither Mr. Jenkins's ADC grievance filed on April 12, 2022 nor his second petition for writ of mandamus or prohibition filed on September 28, 2022 tolled the statute of limitations for his federal habeas petition, which expired on June 25, 2020.

### C. Mr. Jenkins Is Not Entitled to Equitable Tolling.

The one-year limitation period for filing a § 2254 habeas petition may be equitably tolled if a petitioner demonstrates that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Mr. Jenkins makes no showing that he pursued his federal rights with reasonable diligence, and he does not allege any extraordinary circumstance that prevented him from filing his federal petition within the one-year limitation period. The Eighth Circuit has made clear that equitable tolling is not warranted based on a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *Johnson*

*v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) ("Typically, a petitioner's pro se status and failure to follow rules for filing state post-conviction petitions do not constitute extraordinary circumstances."); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (holding that a pro se petitioner's misunderstanding of Arkansas rules and statutes do not justify equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner[,]" *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## IV. CONCLUSION

Mr. Jenkins filed his petition for habeas corpus, at the earliest, on February 5, 2024, well beyond the one-year limitation period that expired on June 25, 2020, and he has failed to demonstrate that he is entitled to statutory or equitable tolling. permitting consideration of his federal claims.

IT IS THEREFORE RECOMMENDED that:

1. Petitioner Michael Jenkins § 2254 Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED with prejudice.

2.     A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[4]

Dated 2 May 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] A certificate of appealability should be denied because Mr. Jenkins has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).